AB:ANR
F. #2022R00058

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
\* SEPTEMBER 26, 2022 \*
BROOKLYN OFFICE

Judge Brodie
Magistrate Judge Levy

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

 - against -

OMAR ALAFIF and
SAFWAN GAZALI,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 22-CR-433
(T. 18, U.S.C., §§ 371, 981(a)(1)(C),
 1343, 1349, 2 and 3551 et seq.; T. 21,
 U.S.C., § 853(p); T. 28, U.S.C.,
 § 2461(c))

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I. The Supplemental Nutrition Assistance Program

  1. The United States government, through the United States Department of Agriculture, Food and Nutrition Service ("FNS"), administered the Supplemental Nutrition Assistance Program ("SNAP"). SNAP provided food-purchasing assistance for low- and no-income people living in the United States. SNAP was a federal aid program, and SNAP beneficiaries could use SNAP benefits to purchase food to prepare for consumption or seeds to grow food.

  2. Eligible SNAP beneficiaries in the New York City metropolitan area received their benefits through an Electronic Benefit Transfer ("EBT") card, which functioned similarly to a debit card. Under the EBT system, beneficiaries received an EBT card and benefits were issued to beneficiaries' accounts once each month. To purchase

eligible food items, a beneficiary swiped his or her EBT card through a point-of-sale device or terminal (together referred to as a "terminal") at an FNS-authorized store. The beneficiary then entered a unique personal identification number into the terminal.

3. SNAP beneficiaries were permitted to use SNAP benefits solely to purchase eligible food items. Converting SNAP benefits to cash was strictly prohibited.

4. SNAP beneficiaries were permitted to use SNAP benefits only at retail food stores that were authorized to participate in the SNAP program and that possessed EBT terminals.

5. When accepting a SNAP EBT card as payment for SNAP-eligible food items, a cashier at a SNAP-eligible retailer would first calculate the total price of the SNAP-eligible items purchased. The cashier or the beneficiary would then swipe the beneficiary's EBT card through the terminal, and the beneficiary would enter his or her personal identification number. Information from the beneficiary's card, along with information about the purchase, was sent through the EBT system for approval. The EBT system verified that the merchant was authorized to accept SNAP benefits, and verified the beneficiary's account number, personal identification number and account balance, before approving a transaction. SNAP transactions made in New York were processed by Xerox Corporation ("Xerox") through servers located in Texas and Pennsylvania.

6. To become an authorized SNAP retailer in New York, a store owner was required to complete, sign and submit an "Application for Stores" form to FNS showing that the applicant store met eligibility requirements, and acknowledging that it was unlawful to trade cash for SNAP benefits or to accept SNAP benefits in exchange for anything other than eligible food items. The SNAP application contained an express promise that the

applicant store owner would prevent violations of SNAP rules and regulations, including trading cash for SNAP benefits and accepting benefits from people not authorized to use them.

II. The Defendants and Rohan Deli Inc.

7. Rohan Deli Inc. ("Rohan Deli") was a convenience and grocery store located in Queens, New York. Rohan Deli sold, among other things, staple foods, that is, foods that make up a significant portion of a person's diet and that are prepared and eaten for meals, including bread, dairy products, fruit and meat.

8. The defendant OMAR ALAFIF was a resident of New York. ALAFIF worked in Rohan Deli and operated the cash register, among other responsibilities.

9. The defendant SAFWAN GAZALI was a resident of New York and one of the owners and manager of Rohan Deli. GAZALI worked in Rohan Deli and operated the cash register, among other responsibilities.

III. The Defendants' Fraudulent Scheme

10. On or about February 15, 2007, an individual whose identity is known to the Grand Jury ("Individual 1"), who is a relative of the defendant SAFWAN GAZALI, signed an Application for Stores for Rohan Deli to become a licensed SNAP retailer (the "Application"). In the Application, Individual 1 stated that he was the owner and president of Rohan Deli. By signing the Application, Individual 1 acknowledged and certified that he understood the rules and regulations of the SNAP program. On or about March 28, 2007, Rohan Deli became an authorized SNAP retailer and received an EBT terminal.

11. In or about 2018, the defendants OMAR ALAFIF and SAFWAN GAZALI began operating the cash register and EBT terminal at Rohan Deli. ALAFIF and

GAZALI, together with others, engaged in a fraudulent scheme in which they unlawfully exchanged cash for SNAP benefits. In furtherance of the fraudulent scheme, the defendants debited SNAP EBT cards in a manner that gave the appearance that SNAP beneficiaries had purchased eligible food products, when, in fact, minimal or no food purchases were made, and the transactions were actually conducted to provide cash (and in some instances cigarettes) to the person presenting the EBT card.

12. In furtherance of this fraudulent scheme, when a beneficiary presented an EBT card and requested cash back, the defendants OMAR ALAFIF and SAFWAN GAZALI charged the EBT card approximately 30 to 50 percent more than the amount of cash requested. For example, if a beneficiary presented an EBT card and asked for $50 in cash, the defendants generally charged approximately $75 to the EBT card. FNS credited Rohan Deli as though a $75 purchase had been made. The defendants would then give $50 to the beneficiary and keep $25 for themselves and their co-conspirators.

## COUNT ONE
(Conspiracy to Commit Food Stamp Fraud)

13. The allegations contained in paragraphs one through 12 are realleged and incorporated as if fully set forth in this paragraph.

14. In or about and between January 2018 and August 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants OMAR ALAFIF and SAFWAN GAZALI, together with others, did knowingly and willfully conspire to use, acquire and possess SNAP benefits of a value of $5,000 or more in a manner contrary to Title 7, United States Code, Chapter 51 and the regulations issued pursuant thereto, contrary to Title 7, United States Code, Section 2024(b)(1).

15. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants, together with others, did commit and cause the commission of, among others, the following:

## OVERT ACTS

(a) On or about August 3, 2022, ALAFIF charged an EBT card presented by a Confidential Source (the "CS"), an individual whose identity is known to the Grand Jury, $99.76.

(b) On or about August 3, 2022, GAZALI gave $50 in cash and a pack of cigarettes to the CS.

(c) On or about February 15, 2022, ALAFIF charged an EBT card presented by the CS $208.75 and gave $100 in cash and a pack of cigarettes to the CS.

(d) On or about September 8, 2021, GAZALI charged an EBT card presented by the CS $88.50 and gave $50 in cash to the CS.

(e) On or about May 18, 2021, ALAFIF charged an EBT card presented by the CS $98.53 and gave $50 in cash and a pack of cigarettes to the CS.

(f) On or about June 9, 2021, ALAFIF charged an EBT card presented by the CS $165.36 and gave $100 in cash and a pack of cigarettes to the CS.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Commit Wire Fraud)

16. The allegations contained in paragraphs one through 12 are realleged and incorporated as if fully set forth in this paragraph.

6

17. In or about and between January 2018 to August 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants OMAR ALAFIF and SAFWAN GAZALI, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the United States Department of Agriculture, and to obtain money and property from the United States Department of Agriculture, by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted writings, signs, signals, pictures and sounds by means of wire communication in interstate commerce, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNTS THREE THROUGH SEVEN
(Wire Fraud)

18. The allegations contained in paragraphs one through 12 are realleged and incorporated as if fully set forth in this paragraph.

19. On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendants OMAR ALAFIF and SAFWAN GAZALI, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the United States Department of Agriculture, and to obtain money and property from the United States Department of Agriculture, by means of materially false and fraudulent pretenses, representations and promises, and, for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted writings, signs, signals, pictures and sounds by means of wire communications in interstate commerce, to wit: electronic claims for redemption of

SNAP benefits, which were sent from Rohan Deli in Queens, New York to a server maintained by Xerox outside of New York, as set forth below:

| Count | Approximate Date | Defendant(s) | Description |
|---|---|---|---|
| THREE | May 18, 2021 | ALAFIF and GAZALI | A $98.53 transaction with the CS's SNAP EBT card in exchange for $50 in cash and a pack of cigarettes |
| FOUR | June 9, 2021 | ALAFIF | A $165.36 transaction with the CS's SNAP EBT card in exchange for $100 in cash and a pack of cigarettes |
| FIVE | September 8, 2021 | GAZALI | A $88.50 transaction with the CS's SNAP EBT card in exchange for $50 in cash |
| SIX | February 15, 2022 | ALAFIF | A $208.75 transaction with the CS's SNAP EBT card in exchange for $100 in cash and a pack of cigarettes |
| SEVEN | August 3, 2022 | ALAFIF and GAZALI | A $99.76 transaction with the CS's SNAP EBT card in exchange for $50 in cash and a pack of cigarettes |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

20. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

21. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

By: AUSA _____

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2022R00058
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

OMAR ALAFIF AND SAFWAN GAZALI,

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 371, 981(a)(1)(C), 1343, 1349, 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____ *Deighton Reid*
Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____

*Antoinette N. Rangel, Assistant U.S. Attorney (718) 254-7481*